Michael R. Reese (State Bar No. 206773)
michael@reeserichman.com
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone:   (212) 643-0500
Facsimile:    (212) 253-4272

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MERCEDES PERLAS and LEN VILLACORTA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and MERSCORP, INC.<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br>Cal. Bus. & Prof. Code §17200 *et seq.*, and Cal. Civ. Code §1750 *et seq.*.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Mercedes Perlas and Len Villacorta ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, allege as follows against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Merscorp, Inc. ("Merscorp") (collectively "Defendants"). Plaintiffs believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF CASE

1. This is a proposed class action for disgorgement of profits, restitution and injunctive relief on behalf of thousands of homeowners who have been subject to endless and painful foreclosure proceedings as a result of Defendants' unlawful and deceptive conduct of business in California. In furtherance of foreclosure proceedings affecting thousands of homeowners, Defendants falsely hold themselves as a real party in interest, claiming to be the beneficiary of certain notes and deeds, when, in fact, they are not. As a result, Plaintiffs and other home owners have incurred millions of dollars in damages in efforts to fight to save homes in bogus foreclosure proceedings instituted by the Defendants.

2. By this lawsuit, Plaintiffs seek a) to enjoin Defendants from participating in any foreclosure proceeding in California as a real party in interest or beneficiary of any note or deed; b) reimbursement for Plaintiffs and the class for all expenses incurred in sham foreclosure proceedings where Defendants' fraudulently held themselves out as either real parties in interest of beneficiaries of notes and deeds; and c) damages, including punitive damages, treble damages, restitution damages, reasonable attorneys' fees, costs and disbursements and such other and further relief as this Court deems just and proper, for Defendants' willful violation of the law.

## THE PARTIES

3. Plaintiffs Mercedes Perlas and Len Villacorta, are now, and at all times relevant to this action were residents of the City of Discovery Bay, County of Contra Costa, State of California. At all times relevant to this action, Plaintiffs owned real property commonly known as 5522 Drakes Circle, in the City of Discovery Bay, Contra Costa County, State of California (the "Property").

4. Defendant MERS is a Delaware corporation with its principal place of business at 1818 Liberty Street, Suite 300, Reston, Virginia.

5. Defendant Merscorp, a Reston, Virginia company, is the parent of MERS, which operates a database that tracks when mortgage servicing rights and beneficial ownership interest are bought and sold between MERS members, which include some of the nation's largest mortgage companies and banks. There are approximately 60 million mortgages and deeds of trust from across the country registered in the MERS database on which MERS purports to be mortgagee or beneficiary on the vast majority. This interest, however, is illusory.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. §1332(d), because the aggregate claims of the class exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between the Plaintiffs, who, as alleged above, are citizens of California, and Defendants, who, as alleged below, are citizens of Virginia.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) and (2). Substantial acts in furtherance of the alleged improper conduct occurred within this District. Plaintiffs live in this District and the Plaintiffs' home improperly foreclosed on by Defendants is located within this District.

## SUBSTANTIVE ALLEGATIONS

8. Prior to November 27, 2007, Plaintiffs refinanced the Property by obtaining a loan (the "Loan") from GMAC Mortgage, LLC ("GMAC") and other unidentified lenders (the "Unidentified Lenders").

9. In connection with the Loan, GMAC provided a note dated December 21, 2007, setting forth a fixed interest rate and monthly payments. Plaintiffs also received, among the Loan documents, a Final Federal Truth-in-Lending Disclosure Statement showing the monthly payments with their term and interest rate.

10. GMAC prepared and tendered to Plaintiffs, along with the other Loan documents it prepared and tendered as part of the Loan, a deed of trust (the "Deed"). The Deed identifies GMAC as the "lender" and Executive Trustee Services, Inc. ("ETS"), as Trustee of the Deed.

11. On or about June 9, 2008, First American Title Insurance ("First American"), recorded a notice of default and election to sell under the Deed (the "Notice"). An officer of ETS signed the Notice, purporting to act as agent for the purported beneficiary, MERS.

12. Plaintiffs are informed and believe, and upon such information and belief allege, that MERS has not registered with the California Secretary of State as required under the California Corporations Code and is therefore unlawfully conducting business in the State of California.

13. In view of the foregoing, MERS may not lawfully declare that Plaintiffs had defaulted on the terms of the Note and Deed, and the Notice was therefore violative of California Civil Code Section 2924 (a) (1) (C).

14. Furthermore, MERS purposely avails itself of this status to purport to be a real party in interest or beneficiary in mortgage foreclosure proceedings, in a manner both false and fraudulent, and contrary to prevailing law in California and other states.

15. MERS holds "legal" title to nothing. Indeed, MERS' own Terms and Conditions states:

> MERS shall have no right whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgaged loans or mortgaged properties. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under deed of trust and any form of security instrument under applicable state law.

16. In fact, MERS is not a beneficiary as a matter of law, and it has no rights whatsoever to any payments, to any servicing rights or to any of the properties secured by loans in which it "participates." Indeed, upon information and belief, MERS affirmatively agrees not to assert any rights with respect to mortgaged loans or mortgaged properties.

17. MERS has also judicially asserted – and is therefore estopped from arguing to the contrary – that it does not own promissory notes secured by mortgages and has no rights to payments made on the notes. In MERS' own words, it only "immobilizes the mortgage lien while transfers of the promissory notes and servicing rights continue to occur." MERS merely traces the ownership of the lien and is paid for its services through membership fees charged to its members.

18. In instances when a note is split from a Deed, which occurs in every MERS transaction, the note becomes unsecured. MERS therefore lacks the power to foreclose, or to assert beneficiary interest in any such proceeding, because it lacks the security; an entity holding only beneficiary interest in a Deed can suffer no default. Only the holder of the note is entitled to enforce its rights for payment on the note. MERS' role as beneficiary in the Deed is of no moment, because it does not ever retain a relationship with the holder of the note – and MERS surely does hold the note itself.

19. A mere agent of a lender holds no property interest and cannot presume to enforce rights as to the borrower, in this case Plaintiffs and the class. Indeed, though MERS asserts its status as a beneficiary, it is only the true "lender" of the Deed, not MERS, which is the beneficiary because it receives payments on the debt.

20. MERS holds no authority to act as agent and holds no property interest in the mortgaged property. MERS has no interest to protect and cannot purport to "transfer" an interest it does not hold.

## CLASS ALLEGATIONS

21. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Californians who had foreclosure proceedings instigated against their homes by Defendants at any time from September 23, 2005 to the present (the "Class"). Excluded from the Class are officers and directors of the Defendants, members of the immediate families of the officers and directors of the Defendants, and their legal representatives, heirs, successors or assigns and any entity in which they have or have had a controlling interest.

22. At this time, Plaintiffs do not know the exact number of Class members, however, given the nature of the claims and the large number of foreclosures reported in recent years,

Plaintiffs believe that Class members are so numerous that joinder of all members of the Class is impracticable.

23. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

      a. Whether Defendants misrepresented their status to institute foreclosure proceedings on Class members' homes;

      b. Whether Defendants omitted and/or misrepresented material facts in connection with foreclosure proceedings; and

      c. Whether Defendants participated in and pursued the common course of conduct complained of herein

24. Plaintiffs' claims are typical of those of the Class because Plaintiffs, like all members of the Class, paid costs in improper foreclosure proceedings and had their homes improperly taken from them by Defendants and sustained damages from Defendants' wrongful conduct.

25. Plaintiffs will adequately protect the interests of the Class and have retained counsel who are experienced in litigating complex class actions. Plaintiffs have no interests that conflict with those of the Class.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Civ. R. 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

28. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another

might not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

29. Defendants' conduct is generally applicable to the Class as a whole and Plaintiffs seek, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendants' systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Business and Professions Code § 17200, *et seq*.)**

30. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

31. Such acts of Defendants, as described above, and each of them, constitute unlawful, unfair and statutorily fraudulent business acts and practices under §17200.

32. The business practices alleged above are unlawful under §17200, *et seq.* by virtue of violating the Consumers Legal Remedy Act, Cal. Civ. Code §1750, *et seq*. ("CLRA").

33. The business practices alleged above are unlawful under §17200, *et seq.* by virtue of violating Cal. Civ. Code §2924, *et seq*. that pertains to mortgages and foreclosures.

34. The business practices alleged above are unlawful under §17200, *et seq.* by virtue of violating Cal. Civ. Code §2923.5, *et seq*. that pertains to mortgages and foreclosures.

35. Such acts of the Defendants, as described above, also constitute unfair business acts and practices under California Business and Professions Code sections § 17200, *et seq.*

36. Such acts of the Defendants as described above also constitute fraudulent business practices under California Business and Professions Code sections § 17200, *et seq.*

37. Plaintiffs, and other members of the Class who had their homes foreclosed on by Defendants, suffered a substantial injury by costs incurred through the improper foreclosure proceedings, as well as loss of their homes.

38. There is no benefit to consumers or competition by the deception engaged in here by Defendants. Indeed, the harm to consumers is substantial.

39. The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public policy or is substantially injurious to Plaintiffs and other members of the Class.

40. As a result of the business practices described above, Plaintiffs and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct on the part of Defendants and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid as a result of the wrongful conduct of the Defendant.

41. The above-described business acts and practices of the Defendants present a threat and reasonable likelihood of deception to Plaintiffs and members of the Class in that the Defendants have systematically perpetrated and continue to perpetrate such acts or practices upon members of the Class by means of its misleading, false, and deceptive foreclosure practices.

42. THEREFORE, Plaintiffs pray for relief as set forth below.

### SECOND CAUSE OF ACTION

**(Consumers Legal Remedies Act - Cal. Civ. Code §1750, *et seq.*)**

43. Plaintiffs reallege and incorporate by reference the paragraphs stated above in this Class Action Complaint as set forth herein.

44. This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq.* (the "CLRA"). This cause of action does not seek monetary damages at this point, but is limited solely to injunctive relief. Plaintiffs will amend this Class Action Complaint to seek damages in accordance with the CLRA after providing the Defendants with notice pursuant to Cal. Civ. Code § 1782.

45. Defendants' actions, representations and conduct has violated, and continues to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale of lease of goods or services to consumers.

46. Plaintiffs and other Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code §1761(d).

47. The foreclosure proceedings that Plaintiffs and other members of the Class paid for were "services" within the meaning of Cal. Civ. Code §1761(a).

48. By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, §1770(a)(7) of the CLRA. Specifically, in violation of Cal. Civ. Code § 1770(a)(7), Defendants' acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that they misrepresent the particular standard, quality or grade of the service.

49. By engaging in the actions, misrepresentations and misconduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, §1770(a)(16) of the CLRA. Specifically, in violation of Cal. Civ. Code §1770(a)(16), Defendants' acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that they represent that a subject of a transaction has been supplied in accordance with a previous representation when they have not.

50. Plaintiffs request that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code §1780(a)(2). If Defendants are not restrained from engaging in these types of practices in the future, Plaintiffs and other members of the Class will continue to suffer harm.

51. THEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
### (FRAUD, DECEIT or MISREPRESENTATION)

52. Plaintiffs reallege and incorporate by reference the above paragraphs of this Complaint as if set forth herein.

53. In the course of instituting foreclosure proceedings against Plaintiffs and other members of the Class, Defendants made representations that they had standing to bring said actions. These representations were false as Defendants, in fact, did not have such standing.

54. The aforementioned representations and omissions were made by Defendants with the intent to mislead consumers, including Plaintiffs, and those similarly situated, into relying on them to their detriment.

55. Plaintiffs, and those similarly situated, were justified in relying on each such representation and omission of material fact and they did so rely.

56. As a direct and proximate cause of Plaintiffs', and those similarly situated, justifiable reliance on the misrepresentations and material omissions of Defendants, were damaged and injured in an amount that will be proven at trial. Additionally, Plaintiffs, and those similarly situated, are entitled to punitive damages due, in part, to Defendants' fraudulent and deceptive conduct.

57. Defendants' standard and uniform misrepresentations in its foreclosure proceedings creates a presumption of reliance as to Plaintiffs, and those similarly situated, that obviates the need for individual proof of reliance.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiffs pray for judgment as follows:

- Certification of the Class, certifying Plaintiffs as representatives of the Class, and designating their counsel as counsel for the Class;
- A declaration that Defendants have committed the violations alleged herein;
- For restitution and disgorgement pursuant to the California Business & Professions Code §§ 17200, *et seq.*;
- For declaratory and injunctive relief pursuant to the California Business & Professions Code §§ 17200, *et seq.*;
- For declaratory and injunctive relief only pursuant to California Civil Code § 1780, as Plaintiffs through this Complaint at this point expressly do not seek any monetary type of relief pursuant to the CLRA;
- An award of compensatory damages, the amount to be determined at trial;
- For punitive damages;
- For interest at the legal rate on the foregoing sums;
- For costs of suit incurred; and

1  - For such further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury.

Dated: September 23, 2009                                      Respectfully submitted,

*[signature: Michael Reese]*

**REESE RICHMAN LLP**
Michael R. Reese
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone:  (212) 643-0500
Facsimile:  (212) 572-4272

*Attorneys for Plaintiffs*